### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

**KYLE MATTHEW JACKSON**                                                **PETITIONER**

**V.**                                            **CIVIL ACTION NO. 3:16CV683 HTW-LRA**

**WARDEN B. BLACKMON**                                                **RESPONDENT**

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Petitioner Kyle Matthew Jackson filed the instant petition for writ of habeas corpus pursuant to Title 28 U.S.C. § 2241 on September 1, 2016. Jackson is a federal prisoner incarcerated in the Federal Correctional Complex ("FCC") in Yazoo City, Mississippi. Having considered the submissions of the parties and the applicable law, the undersigned is of the opinion that the Petition should be denied and dismissed with prejudice.

On January 21, 2015, Jackson pled guilty to being a felon in possession of a firearm; possession of a firearm with a barrel length less than 16 inches; and possession of an unregistered firearm with a barrel less than 16 inches. He was sentenced to a 70-month term by the United States District Court for the Western District of Tennessee. Prior to his guilty plea, Tennessee state authorities arrested Jackson on firearm violations on November 22, 2013. At the time of his arrest, he was on probation for a prior state conviction for theft. On February 14, 2014, his probation was revoked and he was ordered to serve the remainder of his original sentence in the custody of the Tennessee Department of Corrections. Jackson's revocation sentence expired on May 14, 2014, but

he remained in state custody pending the disposition of his November 2013 charges.  At some point thereafter, he was transferred to federal custody pursuant to a federal writ, and on January 21, 2015, he was sentenced pursuant to his guilty plea.  On January 30, 2015, the Tennessee state court dismissed the 2013 charges upon finding that that his federal sentence was "based on the same set of facts and circumstances in this State cause."  The Bureau of Prisons ("BOP") has calculated his release date as March 23, 2019.[1]

In his petition, Jackson contends that the BOP has miscalculated his sentence in failing to award him "jail time credit" for the time spent serving his post-revocation sentence from February 14, 2014 – May 15, 2014.  He claims that he is entitled to this credit because the state charges arising from his 2013 arrest were ultimately dismissed. The Government argues that Jackson is not eligible to receive prior-custody credit towards his federal sentence for time served on his probation revocation sentence because that would constitute double credit, contrary to the intent of Congress under 18 U.S.C. § 3585(b).

The United States Attorney General, through the BOP, "determines what credit, if any, will be awarded to prisoners for time spent in custody prior to the commencement of their federal sentences." *Leal v. Tombone,* 341 F.3d 427, 428 (5th Cir. 2003) (citing *United States v. Wilson,* 503 U.S. 329, 331-32, 334 (1992)).  The computation is governed by 18 U.S.C. § 3585, and is comprised of a two-step determination: first, the BOP determines the date on which the federal sentence commences and, second, the BOP

---

[1] ECF No. 10-1 – 10-5.

determines whether the prisoner is entitled to any credit for time spent in custody prior to the commencement of the sentence, i.e., prior-custody credit.  Section 3585 provides as follows:

> (a) Commencement of sentence. -- A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody. -- A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585.  Based on the plain language of the statute, "Congress made clear that a defendant could not receive a double credit for his detention time."  *Wilson,* 503 U.S. at 337.  A defendant is entitled to credit for time in official detention *only* if it has not been credited against another sentence.

As noted *supra*, Jackson maintains that he should receive credit for the entire period spent serving his revocation in state custody.   He specifically notes that the state charges which gave rise to his probation revocation were ultimately dismissed.  However, if he were allowed federal credit for time spent serving a sentence imposed by the Tennessee state court, he would be receiving double credit, contrary to 18 U.S.C. § 3585(b).

3

Jackson was in the primary custody of the State of Tennessee following his probation revocation. Although transferred to the Western District of Tennessee pursuant to the writ of habeas corpus *ad prosequendum*, the State of Tennessee retained primary jurisdiction until his state sentence expired on May 14, 2014. *Washington v. Chandler*, 533 F.App'x 460 (5th Cir. 2013). He is not entitled to any credit towards his federal sentence for time served from February 14, 2014 – May 14, 2014, because that time was served and credited towards his state probation violation sentence. *Dominguez*, 251 F.3d 156, at *2 ("a defendant is not entitled to credit towards a federal sentence for the time spent in a federal detention center under a writ of habeas corpus *ad prosequendum* if the defendant receives credit for that time on his state sentence.").

Nor is Petitioner entitled to prior custody credit because the 2013 state charges triggering his probation revocation were ultimately dismissed. To this point, Respondent notes that the dismissal of the charges did not nullify the facts supporting the probation revocation because the determination of whether an individual violates the terms of his or her probation is a separate inquiry from whether to proceed with prosecution under Tennessee law. *See e.g., State v. Holle*y, No. M2003-01429-CCA-R3-CD, 2005 WL 2874659, *4 (Tenn. Crim. App. Oct. 25, 2005) (quoting *State v. Harkins*, 811 S.W.2D 79, 83 n.3 (Tenn. 1991) ("When the [probation] violation alleged is the commission of a new offense, the state must present sufficient facts at the revocation hearing to enable the trial court to 'make a conscientious and intelligent judgment as to whether the conduct in question violated the law.")). The undersigned notes further that the revocation order cites as the basis for revocation, Jackson's admission "to violating the terms of his

4

probation by engaging in behaviors that lead to criminal arrests in Carrol County,

Tennessee, [i.e.,] using illegal drugs, and failing to pay supervision fees." And, the

court's subsequent order of dismissal indicates that the 2013 charges were dismissed not

because Jackson was found innocent of violating the terms of his probation, but because

he had been sentenced on related federal charges.

The BOP is expressly prohibited from awarding credit for prior custody which, as

in this case, has already been credited against another sentence under § 3585(b).

Therefore, it is the recommendation of the undersigned that the petition should be denied

and dismissed with prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the Local Uniform Civil Rules of the United States

District Courts for the Northern District of Mississippi and the Southern District of

Mississippi, any party within 14 days after being served with a copy of this Report and

Recommendation, may serve and file written objections. Within 7 days of the service of

the objection, the opposing party must either serve and file a response or notify the

District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the

proposed findings, conclusions, and recommendations contained within this report and

recommendation, shall bar that party, except upon grounds of plain error, from attacking

on appeal the unobjected-to proposed factual findings and legal conclusions accepted by

the district court. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective

December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415,

1428-29 (5th Cir. 1996).

      SO ORDERED on July 23, 2018.


                                                          s/ Linda R. Anderson           
                                       UNITED STATES MAGISTRATE JUDGE